IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS13

| | |
|---|---|
| ANGELA COWELL,<br><br>            Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF HUMAN SERVICES, d/b/a Chester Mental Health Hospital, TRAVIS NOTTMEIER, JAIMA KLAUSING, and JESSICA LAWSON,<br><br>            Defendants. | Case No. 3:21-CV-478-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are several motions filed by Plaintiff Angela Cowell: Motion for Attorney's Fees (Doc. 40), First Motion for Sanctions (Doc. 41), Second Motion for Sanctions (Doc. 46), and Motion for the Court to Deem Defendants Admitted the Merits of Plaintiff's Motion for Sanctions (Doc. 47). Also pending is a Motion for Extension of Discovery Deadlines filed by Defendants (Doc. 44).

### BACKGROUND

Plaintiff Angela Cowell filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Illinois Human Rights Act, 775 ILCS, *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (Doc. 1).

Cowell filed a Motion to Compel discovery on March 30, 2022 (Doc. 34). Defendants filed a timely response (Doc. 37). The Court granted the Motion to Compel on April 28, 2022, as Defendants indicated that they would provide the requested discovery responses and

relevant documents to Cowell (Doc. 39). The Court ordered Defendants to provide Cowell with any outstanding discovery subject to the Motion to Compel by May 12, 2022 (*Id.*). Additionally, the Court reserved ruling on Cowell's request for reasonable expenses and attorney's fees attributable to the Motion to Compel instructing her to file a supplemental motion regarding that issue (*Id.*). Cowell did so (Doc. 40).

With the deadline imposed on Defendants in the Court's Order having expired, Cowell also moved for sanctions against Defendants for failure to comply with the Order (Doc. 41). Defendants filed a response in opposition to Cowell's motions (Doc. 43). Notably, this response was untimely pursuant to Local Rule 7.1(g) as to the Motion for Attorney's Fees.[1] *See* SDIL-LR 7.1(g). Defendants simultaneously filed a Motion to Extend the trial setting and discovery deadlines (Doc. 44), to which Cowell filed a timely response (Doc. 45). Two and a half weeks later, Cowell filed another Motion for Sanctions (Doc. 46). Defendants never responded to that Motion for Sanctions, so Cowell filed a Motion for the Court to Deem Defendants Admitted the Merits of her Motion for Sanctions (Doc. 47), which also received no response.

## Legal Standard

I.   **Attorney's Fees**

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, "the court must…require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

---

[1] Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR. 7.1(g).

FED. R. CIV. P. 37(a)(5)(A). On the other hand, a court should not order such payment where the opposing party's nondisclosure was substantially justified. *Id.* Furthermore, in reviewing fee petitions, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

## II.     Sanctions

Rule 37(b)(2)(A) enables a court to issue an order for sanctions when a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). Such an order may include:

>   (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii)  striking pleadings in whole or in part;
>
>   (iv)   staying further proceedings until the order is obeyed;
>
>   (v)    dismissing the action or proceeding in whole or in part;
>
>   (vi)   rendering a default judgment against the disobedient party; or
>
>   (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* When a party fails to obey a court order, the court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). District courts

maintain "wide latitude in fashioning appropriate sanctions." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

## DISCUSSION

### I.  Motion for Attorney's Fees Related to Cowell's Motion to Compel (Doc. 40)

From January 2022 to March 2022, Defendants failed to produce outstanding discovery. Cowell moved to compel discovery, and the Court granted her motion. Now Cowell asks for $1,350.00 for time expended seeking responses to her discovery requests and pursuing relief through a motion to compel, which amounted to 2.7 hours of work including emails, phone calls, and motion drafting. The amount is based on a current billing rate of $500 per hour.

Cowell's counsel has properly documented time expended in seeking discovery responses from Defendants and her standard hourly rate. Although Defendants' counsel claims that the volume of records have caused a delay, the Court does not find that Defendants' lack of production or response to discovery is "substantially justified" given the time that passed with little to no communication with Cowell's counsel. Thus, the Court awards the amount of fees requested:   **$1,350.00.**

### II.  Motions for Sanctions

#### a.  First Motion for Sanctions (Doc. 41)

In its Order compelling discovery responses, the Court ordered Defendants to provide Cowell with the requested discovery by May 12, 2022 (Doc. 39). Once this deadline passed, Cowell filed a Motion for Sanctions for failure to comply with the Order stating that Defendants failed to provide any responses at that time. Cowell sought the most severe sanctions including default on the issue of liability on her Complaint.

In response, Defendants' counsel claims to have conferred several times with his clients in order to secure responses to the discovery requests. Apparently, the volume of records required significant time to secure and deliver. Defendants contend they have acted in good faith to secure discovery responses, and on May 31, 2022, they provided Cowell with 1,178 pages of documents. Defendants contemporaneously filed a motion for extension of discovery deadlines (Doc. 44).

From Cowell's perspective, the 1,178 pages of documents, produced less than 48 hours before Defendants filed a response—paired with no discovery responses for months—does not evidence good faith. According to Cowell, Defendants never conferred with her before seeking a discovery extension, and such an extension would only serve to allow Defendants to initiate discovery, which they have failed to do so far. Cowell reiterates that Defendants ignored the deadline imposed in the Court's Order, even in delivering the documents.

### b. Second Motion for Sanctions (Docs. 46, 47)

Still having received no written answers to her discovery requests, Cowell moved for sanctions again. In her second motion for sanctions, Cowell argues that Defendants have willfully and repeatedly ignored the deadlines of the Federal Rules of Civil Procedure and the Order of this Court. Moreover, Cowell asserts that Defendants' conduct has caused prejudice, because no depositions could be taken and she could not file a dispositive motion. Even worse, Cowell claims that Defendants have effectively prevented her from pursuing her case, and any extension to remedy this conduct would cause Cowell to continue to suffer the discrimination and retaliation set forth in her Complaint, as Defendants' conduct persists without consequence. Defendants did not respond to this motion, and as such, Cowell asks the Court to deem the merits of this motion admitted pursuant to Local Rule 7.1(g), which

states that a failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR. 7.1(g).

The Court deems Defendants' failure to respond here as an admission of the merits. Even if a response had been filed, the Court finds that Defendants have failed to provide *any* meaningful response to Cowell's discovery requests or reasonably participate in discovery throughout this litigation. Counsel for Cowell, through an oral request during a hearing on October 6, 2022, urged the Court to sanction Defendants by prohibiting them to initiate any discovery from this point forward. The Court grants this request and deems such a sanction appropriate for Defendants' failure to participate in discovery thus far.

### III.    Discovery and Next Steps

Based on discussion with the parties at the hearing on October 6, 2022, the Court finds it appropriate to temporarily reopen discovery so that Defendants can provide Cowell discovery responses to all outstanding requests. The Court imposes the *firm and final* deadline of **November 7, 2022**, for Defendants to provide discovery responses to Cowell. If Defendants fail to meaningfully respond to any outstanding discovery, the Court warns that default judgment will be rendered against them as permitted by Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

### Conclusion

For these reasons, the Court **GRANTS** Cowell's Motion for Attorney's Fees (Doc. 40) and **AWARDS** fees in the amount of **$1,350.00**. These fees shall be paid to Plaintiff's counsel within **30 days** of this Order.

Further, the Court **GRANTS** Cowell's Motions for Sanctions (Docs. 41, 46, 47) against Defendants and imposes the following sanction: Defendants are prohibited from initiating

any of their own discovery or conducting any depositions in this action. The Court **ORDERS** Defendants to provide written discovery responses to Cowell on or before **November 7, 2022.** Defendants' Motion for Extension of Time (Doc. 44) is **DENIED as moot.**

Lastly, the Court will set a status conference by separate order for the purpose of discussing next steps to complete discovery and bring this action to resolution.

**IT IS SO ORDERED.**

DATED:   October 7, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**