IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS13

| | |
|---|---|
| ANGELA COWELL,<br><br>      Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF HUMAN SERVICES, d/b/a Chester Mental Health Hospital, TRAVIS NOTTMEIER, JAIMA KLAUSING, and JESSICA LAWSON,<br><br>      Defendants. | Case No. 3:21-CV-478-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Throughout this litigation, Defendants, through their counsel Thomas Ewick, have repeatedly ignored the Court's orders and deadlines. Frustrated with this unacceptable and persistent practice, the Court held a Show Cause Hearing on February 21, 2023. (Doc. 75). During the hearing, Plaintiff Angela Cowell's counsel, Shari Rhode, recommended the imposition of default judgment as a sanction for Defendants. The Court took the recommendation under advisement.

BACKGROUND

    Plaintiff Angela Cowell filed this action on May 13, 2021, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Illinois Human Rights Act, 775 ILCS, *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (Doc. 1). Cowell generally alleges that she was sexually harassed and retaliated against by a former Medical Director at Chester Mental Health Hospital. After the Director was discharged, Defendants Nottmeier, Klausing,

and Lawson took adverse action against Cowell affecting her job duties, including denying her requests to work remotely as an accommodation for her disabilities during the Covid-19 pandemic and improperly forcing her to use FMLA leave. (*Id.*).

The procedural history of this case is riddled with Mr. Ewick's blatant disregard for court-ordered deadlines. To begin, in March 2022, Cowell filed a Motion to Compel discovery, which the Court granted ordering Defendants to deliver all outstanding discovery by May 12, 2022. (Docs. 34, 37, 39). As the deadline expired with no discovery in hand, Cowell moved for sanctions. (Docs. 41, 46). At a hearing to discuss the motions for sanctions, Mr. Ewick accepted responsibility for his failure to deliver the requested discovery providing no tenable excuse for the delay. With discovery having already closed, the Court temporarily reopened discovery for Defendants to provide Cowell with the outstanding discovery requested. As a sanction, the Court prohibited Defendants from initiating any of their own discovery or conducting any depositions. (Doc. 51). The Court also granted Cowell's motion for attorney's fees related to the motion to compel and discovery disputes. (*Id.*).

The original deadline to pay the awarded attorney's fees and respond to discovery was November 7, 2022. (*Id.*). Defendants filed a motion for a 30-day extension to issue payment of the attorney's fees, which the Court granted, warning that this would be the only extension. (Docs. 54, 55). On December 14, 2022, Cowell filed a Notice of Non-Compliance alerting the Court as to Defendants' failure to pay the awarded fees by the deadline. (Doc. 62). The Court ordered Defendants to respond to the Notice by December 19, 2022. (Doc. 63). Defendants disregarded that order and filed no response. Two and a half weeks later, the Court, still having no information on the status of Defendants' payment, ordered the parties to submit a status report. (Doc. 64). Later that day, Cowell filed a report indicating that no

payment had been received. (Doc. 65). Defendants were ordered to show cause as to why they should not be sanctioned or otherwise held in contempt and to respond in writing by January 17, 2023. (Doc. 66). Unsurprisingly, the deadline expired without response. Finally, Defendants filed a response to the show cause order, over a week late, blaming bureaucratic procedures and internal debates concerning which office should take responsibly for payment as the ultimate hinderance to paying the awarded fees. (Doc. 69). At the show cause hearing, Mr. Ewick offered little other explanation, but he highlighted his compliance with Cowell's discovery requests since the last sanctions hearing and his general lack of bad faith throughout this litigation. Ms. Rhode suggested default judgment as the appropriate sanction given the circumstances and the prejudice suffered by her client thus far.

## LEGAL STANDARD

District courts have authority to sanction attorneys for not obeying orders. *Schmude v. Sheahan*, 420 F.3d 645, 651 (7th Cir. 2005). District courts also maintain "wide latitude in fashioning appropriate sanctions[.]" *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). The Federal Rules of Civil Procedure enable a court to impose sanctions for a variety of reasons. Rule 16 permits a court to issue sanctions if a party or its attorney "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Rule 37 enables a court to issue an order for sanctions when a party "fails to obey an order to provide or permit discovery[.]" FED. R. CIV. P. 37(b)(2)(A). Many types of sanctions are embodied in Rule 37(b) including taking certain facts as established, prohibiting a disobedient party from supporting or opposing claims or defenses, striking pleadings in whole or in part, staying proceedings until an order is obeyed, dismissing the action in whole or in part, rendering a default judgment against the

disobedient party, and treating as contempt of court the failure to obey any order. FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).

Generally, sanctions must be tailored to the circumstances and guided by the norm of proportionality. *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) ("[T]he sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992). District courts can consider the frequency and scale of the failure to comply with deadlines, the apportionment of responsibility between the party and his or her counsel, the level of judicial strain created, the probable merits of the suit, the consequences of a specific sanction on the suit, prejudice to the opposing party, and whether lesser sanctions would be effective. *See Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *see also United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*, 271 F.R.D. 487, 502 (N.D. Ind. 2010).

On the extreme end of available sanctions, district courts may dismiss a case entirely or render a default judgment. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Default judgment is proportionate and appropriate when the uncooperative party exhibits willful behavior or bad faith in violating court orders or when such party displays a pattern of contumacious conduct or dilatory tactics, especially when less severe sanctions failed. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993). Of course, many other less severe sanctions are available as well, such as imposing monetary sanctions, deeming certain facts established, striking or barring answers or

defenses, and holding the party or attorney in contempt. *See, e.g., e360 Insight, Inc. v. Spamhaus Project,* 658 F.3d 637, 644 (7th Cir. 2011) (affirmed the district court's sanction of striking 16 witnesses along with a damage calculation disclosed inexcusably late); *United Consumers Club, Inc.*, 271 F.R.D. at 502 ("In cases where deeming certain facts to be established does not equate to a default judgment, this sanction is one of the 'least harsh sanctions available to courts under Rule 37(b).'"); *Logan v. Gary Community School Corp.*, No. 07-CV-431, 2009 WL 187811, at *2 (N.D. Ind. Jan. 23, 2009) (striking affirmative defenses as a discovery sanction); *Local 702 Intern. Broth. Of Elec. Workers v. Illinois Consol. Telephone Co.*, 608 F.Supp.2d 1031, 1036 (S.D. Ill. 2008) (finding a party in contempt of the court's order and allowing opposing party to submit an itemization of fees and expenses incurred in handling the violation).

## Discussion

Plainly stated, Defendants and Mr. Ewick have ignored <u>four</u> Court orders. Initially, they failed to produce discovery by the ordered deadline letting the discovery deadline expire without production or response. As a result, the Court awarded related attorney's fees and sanctioned Defendants by prohibiting them from pursuing their own discovery or conducting any depositions as the discovery window had closed. The Court anticipated that this sanction would deter Defendants from any further misbehavior or willful ignorance of future orders. Apparently, it did not. Defendants subsequently failed to issue payment of the awarded attorney's fees, even after a 30-day extension. From there, Defendants and Mr. Ewick chose to simply brush aside two other Court orders mandating a response. Each of the violated orders were written and unambiguous.

In the show cause hearing, Mr. Ewick argued that the payment issues were outside of his control as internal discussions about who should pay the awarded fees delayed his efforts to begin the administrative process in effecting payment. He also stated that he was unfamiliar with the steps involved with processing the required forms for payment. While the bureaucracy associated with authorizing payment may be outside Mr. Ewick's control, his ongoing communication with the Court and opposing counsel is fully within his control. Internal confusion or processing does not excuse his lack of effort in notifying the Court of the challenges he faced in securing payment. In fact, when the Court ordered Defendants' response to Cowell's Notice of Non-Compliance, Mr. Ewick had the perfect opportunity to describe such circumstances. Mr. Ewick offered no excuse for missing the response deadlines to the Notice of Non-Compliance and the Show Cause Order. (Docs. 63, 66). Defendants failed to file the appropriate motion to seek any necessary extension, to seek clarification from the Court regarding who owed the fees, or to inform the Court of ongoing efforts and challenges in paying the awarded fees. The Court has no evidence of Mr. Ewick's diligence in attempting to comply with its orders. Instead of opting for communication, Mr. Ewick allowed the deadline for payment pass, then ignored two orders compelling him to respond and explain the circumstances to the Court. Furthermore, Mr. Ewick also emphasized his continued compliance with the Court's order to respond to Cowell's discovery requests. While the Court appreciates compliance with this aspect of its prior order, such conduct does not counteract the other failures at issue.

It is clear that Defendants have demonstrated a willful failure to obey court orders and deadlines establishing a pattern of contumacious conduct warranting additional sanctions at this time. In determining the appropriate sanctions to impose, the Court notes

again that Defendants have ignored four Court orders, the prior sanctions imposed did not deter Defendants from ignoring three of those orders, and this case originated in 2021 yet is still proceeding through discovery due to the ongoing misconduct, further prejudicing Cowell in litigating this case. Moreover, in determining appropriate sanctions, "[c]ourts weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *Lightspeed Media Corporation v. Smith,* 830 F.3d 500, 507 (7th Cir. 2016) (internal citations omitted).

In considering all the failures here on behalf of Defendants, the Court would be justified in rendering default judgment against Defendants as requested by Cowell. Because of the severity of default judgment, and because Mr. Ewick. seems to be primarily responsible for ignoring the Court's last three orders (as opposed to Defendants themselves), the Court will issue a less severe sanction at this time. As a sanction for the conduct described above, the Court **STRIKES** all of Defendants' affirmative defenses in this action. (Doc. 38, Affirmative Defenses ¶¶ 1-8). The Court will also award all fees accrued on behalf of Cowell's counsel, Ms. Rhode, in attending and preparing for the show cause hearing. Cowell shall file an itemized list of such expenses on or before **March 3, 2023.**

Defendants and Mr. Ewick are **WARNED** that if this pattern of ignoring Court orders persists the Court's next sanction will be default judgment in favor of Cowell. *The utmost attention must be paid to every deadline going forward.*

## Conclusion

For these reasons, the Court imposes the following sanction: Defendants' affirmative defenses (Doc. 38, Affirmative Defenses ¶¶ 1-8) are **STRICKEN**. Further, the Court will

award costs, and Cowell is **DIRECTED** to file an itemized list of costs and expenses associated with the show cause hearing on or before **March 3, 2023**.

    **IT IS SO ORDERED.**

    DATED:   February 23, 2023

                                                _____
                                                **NANCY J. ROSENSTENGEL**
                                                **Chief U.S. District Judge**